**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re: | CASE NO. **14-09655-BKT** |
| **FÉLIX LUIS MATOS COLON** **MARTA ROSA ARROYO ORTIZ**, | CHAPTER 13 |
| Debtors | |

# MOTION TO AMEND CHAPTER 13 PLAN
## AND REQUEST FOR CONFIRMATION PER L.B.R. 3015-2(F)

**TO THE HONORABLE BRIAN K. TESTER:**
**U.S. BANKRUPTCY JUDGE**

**COME NOW** the Debtors in the above-captioned case through their undersigned attorney, and very respectfully state and pray as follows:

1.      In order to address the Standing Chapter 13 Trustee concern regarding the correction of the amount owed to secured creditor United Consumer who filed a claim in the amount of $479.42, Debtors submit herein an amended plan for the consideration of this Honorable Court.

2.      The First Confirmation Hearing was scheduled for **March 27, 2015**.  Local Bankruptcy Rule L.B.R. 3015-2(f) provides that an amended plan filed after the first confirmation hearing, may be confirmed prior to the contested confirmation hearing date if no objection is filed within fourteen (14) days from the date that the amended plan is filed.

3.      The Contested Confirmation Hearing is scheduled for July 16, 2015. *See:* Docket No. 50.

4.      Since these amendments are necessary for confirmation of the plan, Debtors request that the attached amended plan be confirmed upon the expiration of the fourteen day (14) notice-term pursuant to L.B.R. 3015-2(f), provided that there are no objections from the Trustee, creditors or parties in interest.

**WHEREFORE**, Debtors respectfully pray that this Honorable Court takes notice of the proposed Chapter 13 plan as amended and CONFIRMS such plan upon the expiration of the 14 day term provided by the local rules.

### NOTICE OF RULE L.B.R. 3015-2 (f)
### OBJECTIONS TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN

Any objecting party to the foregoing Chapter 13 Plan as amended, must file an objection no later than fourteen (14) days after the date the amended plan is filed.  The objection shall be made by motion setting forth the facts and legal arguments that give rise to the objection in sufficient detail to allow the debtor to file a reply or an amended plan that addresses the objection.  The amended plan may be confirmed prior to the contested confirmation hearing date if no objection is filed within fourteen (14) days from the date that the amended plan is filed.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** On this same date I electronically filed the foregoing document with the clerk of the Court using the CM/ECF System which will sent notification of such filing to the following: the U.S. Trustee, **MONSITA LECAROZ ARRIBAS**, standing Chapter 13 Trustee, **ALEJANDRO OLIVERAS RIVERA,** and to creditors and parties in interest in this case who have filed notice of appearance and request for notifications.

**RESPECTFULLY SUBMITTED.**

Dated, this 15th day of July, 2015.

s/Edgar J. Rivera Núñez
**EDGAR J. RIVERA NUNEZ**
**USDC NO. 219714**
Attorney for Debtors
Urb. Villa Blanca
36 Aquamarina St
Caguas, PR 00725
TEL 787-653-9519
FAX 800-878-4790
*ejrivera@ejrlawpr.com*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| IN RE: | **Felix Luis Matos Colon** | BK. CASE # | **14-09655-BKT13** |
|---|---|---|---|
| | **Marta Rosa Arroyo Ortiz** | | |
| | DEBTOR(S) | CHAPTER 13 | |

## CHAPTER 13 PAYMENT PLAN-AMENDED

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims. Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan.** • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee: ☒ directly ☐ by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
☐ 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

**PLAN DATED:** _____
☒ PRE ☐ POST-CONFIRMATION

☐ **AMENDED PLAN DATED:** **July 15, 2015**
FILED BY ☒ DEBTOR ☐ TRUSTEE ☐ UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | 150.00 | x | 36 | = $ | 5,400.00 |
|---|---|---|---|---|---|
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| | TOTAL = | | 36 | $ | 5,400.00 |

Additional Payments:
$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from
☐ Sale of property identified as follows:

☐ Other: _____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____
To be made on: _____

**PROPOSED PLAN BASE:** $ **5,400.00**

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

| a. Rule 2016(b) Statement: | $ | **3,000.00** | |
|---|---|---|---|
| b. Fees Paid (Pre-Petition): | ($ | **1,000.00** | ) |
| c. R 2016 Outstanding balance: | ($ | **2,000.00** | ) |
| d. Post Petition Additional Fees: | $ | **0.00** | |
| e. Total Compensation: | $ | **3,000.00** | |

| Signed: | **/s/ Felix Luis Matos Colon** |
|---|---|
| | DEBTOR |
| | **/s/ Marta Rosa Arroyo Ortiz** |
| | JOINT DEBTOR |

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** ☐ Debtor represents that there are no secured claims.
☒ Secured creditors will retain their liens and shall be paid as follows:

☐ **ADEQUATE PROTECTION** Payments: Cr. _____ $ **0.00**

☒ Trustee will pay secured **ARREARS**:

| Cr. **Banco Popular** | Cr. **Scotiabank** | Cr. _____ |
|---|---|---|
| Acct. **000-470311-3** | Acct. **01-1369221** | Acct. _____ |
| $ **320.00** | $ **660.00** | $ _____ |

☐ Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)

| Cr. _____ | Cr. _____ | Cr. _____ |
|---|---|---|
| Acct. _____ | Acct. _____ | Acct. _____ |
| Monthly Pymt.$ _____ | Monthly Pymt.$ _____ | Monthly Pymt.$ _____ |

☒ Trustee will pay **IN FULL** Secured Claims:

| Cr. **United Consumer** | Cr. _____ | Cr. _____ |
|---|---|---|
| $ **479.42** | $ _____ | $ _____ |

☐ Trustee will pay **VALUE OF COLLATERAL**:

| Cr. _____ | Cr. _____ | Cr. _____ |
|---|---|---|
| $. _____ | $. _____ | $. _____ |

☐ Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
**(Please indicate in "Other Provisions" the insurance coverage period)**

☐ Debtor SURRENDERS COLLATERAL TO Lien Holder: _____
☒ Debtor will maintain REGULAR PAYMENTS DIRECTLY to: **Banco Popular, ScotiaBank**

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
☐ _____

**C. UNSECURED PREFERRED:** Plan ☐ Classifies ☒ Does not Classify claims
☐ Class A: ☐ Co-debtor Claims: ☐ Pay 100%/ ☐ "Pay Ahead"
☐ Class B: ☐ Other Class:
☐ _____ ☐ $ _____ ☐ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = **0.00** )
☐ Will be paid 100% plus ___% Legal Interest. ☒ Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

**\* For additional other provisions, please see attachment sheet(s).**

| ATTORNEY FOR DEBTOR: | **/s/ Edgar J. Rivera, Esq.** | Phone: | **787-653-9519** |
|---|---|---|---|

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

IN RE:     **Felix Luis Matos Colon**
**Marta Rosa Arroyo Ortiz**
DEBTOR(S)

BK. CASE #     **14-09655-BKT13**

CHAPTER 13

### Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**

Claims filed after the applicable bar date shall receive no distribution.

If prior to the expiration of the term of this plan all filed claims entitled to payment are paid in full, this plan shall terminate on that date.

Consequently, this plan shall be deemed completed when all filed and allowed claims are paid in full or upon completion of the payment plan listed above, whichever first occurs.

Upon completion of this plan, all sums remaining in the hands of the trustee shall be returned to the Debtor.

Debtor reserves the right to object claims after plan confirmation.